NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3419
_____

RONALD DELUCA; PHYLLIS DELUCA, their heirs, devisees, and personal
representatives or any of their successors in right, title and interest,

Appellants

v.

CITIMORTGAGE; QUICKEN LOANS, INC; SHARON SON; TITLE SOURCE INC;
JANE DOES; JOHN DOES, 1-10 AND ABC CORPORATIONS 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey

(D.C. No. 2-11-cv-03634)
District Judge:  Honorable Stanley R. Chesler

ARGUED JUNE 10, 2013

BEFORE:  McKEE, *Chief Judge*, AMBRO, and NYGAARD, *Circuit Judges*

(Filed: October 11, 2013)

Joseph A. Chang, Esq. [Argued]
951 Madison Avenue
Paterson, NJ  07501
        *Counsel for Appellants*

Joshua N. Howley, Esq. [Argued]
Jonathan S. Jemison, Esq.
Sills, Cummis & Gross
One Riverfront Plaza
Newark, NJ  07102
        *Counsel for Appellee Citimortgage*

Martin S. Frenkel, Esq.
David E. Hart, Esq. [Argued]
Mark E. Plaza, Esq.
Maddin, Hauser, Wartell, Roth & Heller
28400 Northwestern Highway
Third Floor
Southfield, MI  48034

Michael S. Meisel, Esq.
Michael R. Yellin, Esq.
Cole Schotz
25 Main Street – Court Plaza North
P. O. Box 800
Hackensack, NJ  07601
     *Counsel for Appellees Quicken Loans, Inc. and Sharon Son*

_____

OPINION OF THE COURT
_____

NYGAARD, *Circuit Judge.*

Ronald and Phyllis DeLuca assert numerous claims arising from loans originated by Quicken Loans, Inc., and subsequently serviced by Citimortgage, which refinanced the DeLucas' debt.  They appeal the District Court's Order granting Defendants' motions for dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6).  We will affirm.

As this opinion has no precedential value, we write only for the parties.[1]  We review de novo a motion to dismiss arising under Rule 12(b)(6).  A complaint's "'[f]actual allegations must be enough to raise a right to relief above the speculative

---

[1] Defendants removed this case on federal question jurisdiction.  The federal claims were dismissed and are not appealed.  Nonetheless, the state law claims against Quicken Loans are now time barred.  We retain jurisdiction on this basis.  *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

2

level.'" *Phillips v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). Plaintiffs asserting fraud have the additional burden of stating their claims with particularity. Federal Rule of Civil Procedure 9(b). The DeLucas contended that, as to their mortgage loans originated in 2007, the conduct of Quicken Loans, Inc., Sharon Son, and Title Source Inc. violated the New Jersey Consumer Fraud Act (N.J.S.A. 56:8-2).[2] The DeLucas alleged deceptive practices by making conclusory allegations about "high pressure tactics" and "rushing the closing." They said that Appellees' conduct prevented them from asking questions about the loan. When pressed at oral argument to provide more detail, they could not. They also could not provide any examples of inquiries that were actually stifled. Moreover, the DeLucas pleaded that the deceptions caused them to receive unfavorable loans, but they failed to provide any details about the loans. They merely pointed to the default as de facto support for this claim.

The District Court determined that the DeLucas failed to provide even a colorable factual basis for their allegations of Appellees' deceptive practices and unfavorable loans. We agree with the District Court's conclusions. Even after amendment, the complaint is still fatally vague about the specific acts that constituted fraud. It does not rise to the level of specificity required under Rule 9(b). The DeLucas also did not assert any facts to ground a bona fide causal relationship between this conduct and an actual loss. Merely contending that their default, by itself, sufficiently grounds a causal link to the

---

[2] A claim under this statute requires the plaintiff to allege unlawful conduct, an ascertainable loss, and a causal relationship between the conduct and the loss. *Bosland v. Warnock Dodge, Inc.,* 964 A.2D 741, 749 (N.J. 2009).

3

misconduct they allege falls far short of the pleading standards. This pleading deficiency was exacerbated by their admissions in the complaint that they were in financial trouble before acquiring the loan. For these reasons we will affirm the District Court's dismissal of the causes against Quicken Loans, Sharon Son and Title Source Inc.

The DeLucas also alleged numerous claims against Citimortgage.[3] They contend that an unnamed Citimortgage representative, on an unspecified date, advised them to default on their mortgage loans to receive a loan modification under HAMP. They state that, after they defaulted, Citimortgage engaged in elusive tactics and ultimately failed to fulfill its promise of giving them a modification. The tactics included requiring the DeLucas to navigate a complicated phone-tree to reach customer service, and using multiple customer service agents to communicate with them during the modification process. The DeLucas alleged that this conduct violated the New Jersey Consumer Fraud Act, and made Citimortgage liable for common law fraud, breach of covenant of good faith and fair dealing, and promissory estoppel.

On the claim of breach, the only contract extant was the Quicken mortgage loans serviced by Citimortgage. The DeLucas acknowledge that Citimortgage was under no contractual duty to modify the mortgage. The District Court ruled that the DeLucas' pleading failed to provide a reasonable basis to connect Citimortgage's conduct—which

---

[3]The District Court concluded that the claims against Citimortgage are "inextricably linked" to provisions under the United States Department of the Treasury's Home Affordable Modification Program (HAMP) and, as a result, are preempted. We do not consider this issue because we conclude that the claims were properly dismissed under the District Court's alternative ruling that the DeLucas failed to state claims against Citimortgage on which relief can be granted.

arose in the context of assistance it gave to the DeLucas in their attempt to get a mortgage modification—with any breach of any actual duty. We agree.

As to their assertions of consumer fraud, common law fraud, and promissory estoppel, the Trial Period Plan documents underlying the allegations provide dispositive evidence contradicting the assertion that Citimortgage falsely promised the DeLucas a loan modification if they defaulted on their loans.[4] The District Court noted that these documents, signed by the DeLucas to obtain a modification, specify that any offer for a permanent modification by Citimortgage was subject to qualifications. This negated any assertion of their reasonable reliance. It also broke any causal connection between alleged misrepresentations and any loss allegedly suffered by the DeLucas. The District Court correctly ruled that the consumer fraud, common law fraud and promissory estoppel causes should be dismissed for failure to state a claim.

For these reasons, we will affirm the Order of the District Court.

---

[4] The elements of common law fraud are: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors,* 691 A.2d 350, 367 (N.J. 1997). The elements of promissory estoppel are: "(1) a clear and definite promise; (2) made with the expectation that the promisee will rely on it; (3) reasonable reliance; and (4) definite and substantial detriment." *Toll Bros., Inc. v. Board of Chosen Freeholders of Burlington,* 944 A.2d 1, 19 (N.J. 2008).

5